51,286-02

# IN THE TEXAS COURT OF CRIMINAL APPEALS

3-4-2015
RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 01 2015
Abel Acosta, Clerk

MOTION DENIED
DATE: 4-2-15
BY: P.C.

Attn: Hon. Clerk, Mr. Abel Acosta
Re: Ex Parte DAVID HAROLD ELSE, JR.
    WR-51-286-02

Dear Mr. Acosta

Good morning Sir, Enclosed please find one original of the following document: SUGGESTION THAT THE COURT RECONSIDER ON ITS OWN INITIATIVE THE DISMISSAL OF THE APPLICATION FOR A WRIT OF HABEAS CORPUS, to be filed in your court and brought to the attention of the proper authorities. Also, may i please review a copy of the WRH transcripts in WR-51-286-02, submitted to you by the trial court under 11.07 § 3(c), to verify that a complete copy of my writ package was recieved and filed by the courts. I am a pro se, indigent, prisoner and we are on lockdown. Therefore, i am unable to meet the 11 copy motion requirement. I ask that you please excuse me.

Thank you for your time and assistance in this matter

Sincerely,

David Harold Else Jr (Pro Se)
DAVID HAROLD ELSE, JR.
TDCJID # 858684
Connally Unit
899 Fm 632
Kenedy, Tx. 78119

HAVE a nice day.

# IN THE
# COURT OF CRIMINAL APPEALS
# OF TEXAS

EX PARTE          §        CAUSE No. WR-51 286-02

DAVID HAROLD ELSE, JR.    §

§

§

## SUGGESTION THAT THE COURT RECONSIDER ON ITS OWN INITIATIVE THE DISMISSAL OF THE APPLICATION FOR WRIT OF HABEAS CORPUS

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

DAVID HAROLD Else, JR. (ELSE), Applicant, files this SUGGESTION THAT THE COURT RECONSIDER ON ITS OWN INITIATIVE THE DISMISSAL OF THE APPLICATION FOR WRIT OF HABEAS CORPUS, Pursuant to TEXAS RULE OF APPELLATE PROCEDURE 79.2(d), And would show As Follows:

## I.

The State Habeas Court (SHC) dismissed ELSE's SubseQuent habeas corpus Application without written order on Feb. 18, 2015. It should Reconsider that decision on its own own initiative because the S.H.C. mistakenly understood Else's subsequent Application to raise "substantive" claims of Actual innocence under

(1 of 14)

Herrera v. Collins, 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed. 2d 203 (1993). Else did NOT raise his claims under Herrera, supra.

In his subsequent writ, Else claimed that he was actually innocent and would not have been convicted but for the following Const. violations: (1) Prosecutorial Misconduct— The State Prosecuting Attorney (SPA) secured an inconsistent conviction against Else for a capital murder under Texas Penal Code (T.P.C.) § 19.03(a)(2), which Else is innocent of, by charging inherently factually contradictory theories (for the same crime) under T.P.C. § 7.02(a)(2) relieving its U.S. Const. burden of proof beyond a reasonable doubt of every fact necessary to constitute capital murder; (2) Ineffective Assistance of Counsel (IAC)— Attorney allowed Else to be prosecuted and convicted on facts and evidence that do/did not support every necessary element to constitute capital murder based on statute T.P.C. § 19.03 (a)(2); and (3) The statutory standard under T.P.C. § 7.02(a)(2) is absent from the jury charge that authorized conviction — Else was convicted/affirmed on a theory that was never presented to the jury.

Else based his claims on the violation of his Sixth and Fourteenth Amendment United States Constitutional rights to a fair trial and to trial by an impartial jury. Else accompanied his Const. claims with newly available extra-record evidence of innocence to constitute procedural "actual innocence" as a gateway claim of "fundamental miscarriage of justice" to overcome any procedural bars,

under holdings set forth in <u>Schlup v. Delo</u>, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed. 2d 808 (1995). Under Schlup, Else argued that "a constitutional violation has probably resulted in the conviction of one who is actually innocent," and that "no reasonable juror would have convicted Else in light of the new evidence." <u>Ex Parte Brooks</u>, 219 S.W. 3d 396 (Tex. Crim. App. 2007)(citing <u>Schlup</u> 513 U.S. at 327, 115 S.Ct. 851.) T.C.C.P. ART. 11.07 § 4 (A)(2).

Also, the S.H.C. did not acknowledge, in the record: (1) what United States Const. violation it understood Else's claims to allege; and/or what the S.H.C. understood Else's extra-record (newly available) evidence to consist of.

## II.

### Facts

Hector Cavazos (decedent), Eric Watson, Kerry Cheatham, and Roderick Earl were involved in a drug deal. State's witness, Watson, testified as follows. Cavazos lost drug money belonging to Earl. Earl became upset and, after assaulting Cavazos, threatened to kill Cavazos if he did not return Earl's money or drugs. After picking up Else, Cavazos was assaulted, tied up, and placed in the trunk of the car. Earl, Cheatham, and Else, took Cavazos out to an empty lot. Cavazos was assaulted and told that it was his last chance. Someone doused and ignited gasoline on Cavazos. Cavazos was discovered (alive, alert, and talking) and taken to the hospital. Earl testified that, after Watson returned his money from the failed drug deal, he never saw Cavazos again. After Cavazos told doctors that he desired all treatment to survive, doctors terminated treatment and Cavazos

died hours later. Else, who was Arrested/charged for the Agg/ Kidnapping of Cavazos, was then indicted, convicted, and sentenced to life, for the Capital murder of Cavazos—as a party under T.P.C. §§ 19.03(a)(2), 7.02(a)(2).

## III
## RECAP OF GROUNDS AND SUPPORTING EVIDENCE

1)'Ground One, "Prosecutorial Misconduct"

A.) In ground one, Else's claim of "Prosecutorial Misconduct" was based on a violation of Else's Right to a fair trial under The Due Process Clause of the United States Constitution Amend. Fourteen because the SPA secured an inconsistent conviction against Else for a capital murder under T.P.C. § 19.03(a)(2), which Else is innocent of, by charging inherently factually contradictory theories (for the same crime) under T.P.C. § 7.02(a)(2) [Relieving its U.S. Const. duty under In Re Winship, 90 S.Ct. 1068 (1970) to prove beyond a reasonable doubt every fact necessary to constitute Else's guilt of capital murder under T.P.C. § 19.03(a)(2) — i.e., an affirmative finding of proof (of guilt) beyond a reasonable doubt that the person whose conduct Else is criminally Responsible for, under T.P.C. § 7.02(a)(2), used the alleged deadly weapon and intentionally murdered Hector Cavazos in the course of kidnapping.] (i.e., The SPA used improper methods calculated to produce a wrongful conviction. Berger v. United States, 295 U.S. 78 (1935).)

The SPA obtained convictions/judgments against Else and co-defendant Earl (in Else/Earl's joint trial), individually, for being criminally responsible for the conduct of another in the capital murder of Hector Cavazos T.P.C. §§ 7.02(a)(2) and 19.03(a)(2) allegedly committed by co-defendant Cheatham's conduct. The implied ultimate issue of fact determined by the jury — in Else/Earl's trial — was that the remaining co-defendant Cheatham (who the SPA had severed from Else/Earl's trial):

"did ... unlawfully, then and there intentionally cause the death of Hector Cavazos, an individual hereinafter called deceased, by placing gasoline, a deadly weapon on Hector Cavazos, and by igniting said gasoline, a deadly weapon, and Kerry Lashawn Cheatham intentionally did cause the death of the deceased while the said Kerry Lashawn Cheatham [was] in the course of committing or attempting to commit the offense of kidnapping of Hector Cavazos.

(i.e.,) Cheatham was the named primary actor under T.P.C. § 7.01(a) that committed the conduct — capital murder T.P.C. § 19.03(a)(2) of Hector Cavazos — which Else, and Earl, is criminally responsible for under T.P.C. § 7.02(a)(2).)

In Kerry Cheatham's subsequent trial, the same SPA (that prosecuted Else/Earl) obtained a conviction/judgment against Cheatham for being criminally responsible for the conduct of another in the capital murder of Hector Cavazos T.P.C. §§ 19.03(a)(2), 7.02(a)(2) committed by the conduct of Earl or Else. The implied ultimate issue of fact determined by Cheatham's jury was that Else or Earl was the sole

principle/primary Actor that used the deadly weapon, As stated above, And intentionally caused the death (killed) Hector Cavazos in the course of kidnapping. (i.e., Else or Earl is the named primary Actor under T.P.C. § 7.01(a) that Committed the Conduct — capital murder of Hector Cavazos— which Cheatham is criminally responsible for under T.P.C. § 7.02(a)(2).)

Ultimately, Else, Earl, And Cheatham were All Convicted for capital murder of Hector Cavazos (in two separate trials) under A charged theory of criminal responsibility for the conduct of Another under T.P.C. § 7.02(a)(2) who Committed the capital murder of Cavazos; each Conviction inconsistently resting on the implied finding that the other (out of Cheatham, Else, And Earl) Committed the Charged Conduct that constitute capital murder As the primary Actor under T.P.C. §§ 7.01(a) And 19.03(a)(2).

Therefore, the SPA's Conduct of using And interchanging inconsistent charge theories (for the same crime) in separate trials circumvented its U.S. Const. Requirement to first prove beyond A reasonable doubt the named primary Actor's guilt of every fact necessary to constitute Else's guilt of capital murder under T.P.C. §§ 19.03(a)(2) And 7.02(a)(2) — i.e., An affirmative finding of proof (of guilt) beyond A reasonable doubt that the person whose Conduct Else is Alleged to be criminally responsible for did "douse And ignite gasoline on Hector Cavazos (used the deadly weapon)

intentionally causing his death (killing Cavazos) in the course of kidnapping" T.P.C. §§ 7.02 (a)(2), 19.03 (a)(2) — Resulting in Else's conviction (for a crime Else is innocent of) under an inconsistent theory of criminal responsibility under T.P.C. § 7.02 (a)(2) for the conduct of Earl or Cheatham in committing capital murder of Cavazos who are also inconsistently charged/convicted as being criminally responsible under T.P.C. § 7.02 (a)(2) for the conduct of Else committing the same capital murder offense with no evidence to support an affirmative finding that Else, Earl, or Cheatham: (1) doused and ignited gasoline on Cavazos - used the deadly weapon (2) caused the death of Cavazos (killed) in the course of committing or attempting to commit kidnapping. i.e., committed the conduct constituting capital murder of Cavazos under §§ 19.03 (a)(2), 7.01(a).

B.) In support of Else's above stated claim of prosecutorial misconduct, Else submitted the newly available extra-record indictments (ex. B, E, and H); jury charges (ex. C, F, I); judgments (ex. D, G, J); and the opinions of the State Court of Appeals (SCOA) (ex. P, Q, R); of both co-defendants Roderick Earl and Kerry Cheatham. Else, Earl, and Cheatham, were, individually, indicted/charged for the capital murder of Cavazos as the sole primary actor.

Else asserts that the above stated specific facts establish that the SPA violated his U.S. Const. Due Process Rights

to a fair trial and by a preponderance of the evidence but for said violations no properly instructed rational juror would have found Else guilty of capital murder beyond a reasonable doubt. Therefore, Else meets the gateway exception to have this claim heard under Schlup, supra, and T.C.C.P. § 11.07 § 4 (a)(2).

## 2) Ground Two "I.A.C.

A.) Else's ground two claim of I.A.C. was based on the violation of Else's Sixth and Fourteenth Amend. U.S. Const. Rights — Because his trial counsel allowed Else to be prosecuted and convicted for capital murder in a case based on facts and evidence that do/did not support every necessary element to constitute capital murder based on statute T.P.C. § 19.03 (a)(2) — violating U.S. Supreme Court holdings set forth in Strickland v. Washington, 104 S.Ct. 2025 (1984).

The facts and evidence of the record show: (1) Hector Cavazos (a victim of an alleged Aggravated Kidnapping under T.P.C. § 20.04 (b)) was discovered alive and taken to the hospital for treatment for his injuries; (2) Else was arrested and charged for Cavazos's agg/kidnapping while Cavazos was being treated for his injuries; (3) Doctors terminated (illegally) Cavazos's treatments and Cavazos died — long after the kidnapping was done); (4) Else was then indicted for capital murder of Cavazos.

Else asserts that capital murder under T.P.C. § 19.03(a)(2) starts with a murder under T.P.C. § 19.02(b)(1) — i.e., intentional death — and that murder must be committed (occur) "in the course of" the underlying aggravating offense that elevates the murder to capital murder. Therefore, a death resulting from a doctor's (illegal) termination of treatment of the serious bodily injuries of an Agg / Kidnapping (under T.P.C. § 20.04(b)) victim can not be elevated to a capital murder under T.P.C. § 19.03(a)(2) relying solely on the original/same kidnapping offense — because the death occurred during treatment of a finished kidnapping offense and not in the course of the commission of kidnapping.

Moreover, Else argued that evidence does not support Else's charge of murder under T.P.C. § 19.02(b)(1) when death resulted after doctor illegally terminated life-sustaining treatment of the victim.

Based on statute T.P.C. § 19.03(a)(2) the SPA failed to satisfy its U.S. Const. burden of proof under In Re Winship, 397 U.S. 358(1970) and my trial attorney either failed to have a firm command of the facts of Else's case, or the law in this regard. Strickland, Supra.

B.) In support of Else's I.A.C. claim Else submitted his newly available extra-record arrest report — for the aggravated kidnapping of Hector Cavazos — (ex. L); hospital records verifying the illegal termination of life-sustaining treatment (ex. O); also, the original indictments for capital murder. (ex. A).

Else asserts that the above stated specific facts establish by a preponderance of the evidence that but for the U.S. Const. violation of Ineffective Assistance of Counsel no rational juror would convict Else of Capital Murder. Therefore, Else meets the gateway exception of <u>Schlup</u>, and 11.07 § 4(a)(2), to have this claim heard.

### 3) Conviction on a Theory Not Presented to the Jury

A.) Else's ground three, claim violation of the Fourteenth Amend. of the U.S. Const. because the statutory standard under T.P.C. § 7.02(a)(2) is absent from Else's jury charge that purportedly authorized conviction; and therefore, Else was convicted/affirmed on a theory that was never presented to the jury. <u>McCormick v. United States</u>, 111 S.Ct. 1807 (1991); <u>Dunn v. United States</u>, 99 S.Ct. 2190 (1979); <u>Cole v. Arkansas</u>, 68 S.Ct. 514 (1948).

Else's Court's charge application paragraph allowed the jury to find Else guilty of capital murder if: "with intent to promote or assist in the 'offenses' of kidnapping and Intentional murder of Hector Cavazos, [Else] aided or attempted to aid Roderick Dean Earl or Kerry Lashawn Cheatham, or Roderick Dean Earl and Kerry Lashawn Cheatham." Under Else's application paragraph the jury charge failed to include an instruction as to Capital murder under T.P.C. § 19.03(a)(2) and Parties law under T.P.C. § 7.02(a)(2) as it relates to finding the necessary facts to constitute Else's guilt of: (1) <u>"Acting"</u>

(required conduct) (2) with the intent to promote or assist in the commission of the offense of capital murder — murder in the course of committing or attempting to commit — kidnapping — of Hector Cavazos (required culpability of intended offense), aided or attempted to aid Roderick Dean Earl and/or Kerry Lashaw Cheatham (3) to commit capital murder of Hector Cavazos (result of conduct), violating holdings in In Re Winship, supra,.

The State Court of Appeals (SCOA) failed to conduct Else's Requested legal sufficiency Review — of every substantive element set out in T.P.C. §§ 19.03(a)(2) and 7.02(a)(2) under a hypothetically correct jury charge. see Malik v. State, 953 S.W. 2d. 234, 239-40 (Tex. Crim. App. 1997) — only focusing its Review on T.P.C. §§ 20.03(a)(b), 20.01(2), and 7.02(a)(2). The SCOA concluded: (1) IF Else did not personally "set the fire," he encouraged, aided, or directed, Cheatham or Earl to do so, and (2) Cavazos was beat, tied up, put in the trunk, driven around to an empty lot, and burned. Therefore, Else was guilty of capital murder.

The S.C.OA.'s legal insufficiency Review was not only based on an unreasonable application of Jackson V. Virginia, 99 S.Ct. 2781 (1979)(citing In Re Winship, supra) and an unreasonable determination of the facts of the Record under 28 U.S.C. §§ 2254 (d)(1),(2); but it Resulted in Else's conviction being affirmed on a theory not presented to the jury. In Else's initial writ (NO. WR-51-286-01) this

Court's adjudication of the merits of Else's "Charge Error" concluded that Else's charge "adequately instructed the jury as to the facts and the law which should be considered by the jury in evaluating applicant's guilt said instructions are in no way fundamentally defective."

However, based on the facts, evidence, and caselaw, stated above, in light of holdings set forth in Adames v. State, 353 S.W.3d 854 (Tex. Crim. App. 2011) and Wooley v. State, 273 S.W.3d 260, 268 (Tex. Crim. App. 2008) this Court's conclusions on direct appeal (legal sufficiency review) and initial habeas review (charge error review) were erroneous.

Else asserts that the specific facts, stated above, establish by a preponderance of the evidence but for a U.S. Const. Due Process violation — conviction on a charge never presented to the jury — no reasonable juror would find Else guilty beyond a reasonable doubt. Therefore, Else meets the gateway exception under Schlup, and 11.07 § 4 (a)(2), to have this claim heard.

## Conclusion

Else submitted his subsequent writ No. 51, 286-02 based on "procedural" claims of Actual Innocence under Schlup, supra. Else presented newly available evidence to bring him within the class of cases of "fundamental miscarriage of justice." The ultimate "crux" of Else's claims is that the SPA was relieved of proving

every fact necessary to constitute the crime with which Else was charged as required by holdings in *In Re Winship,* supra, specifically, that (1) the named primary actor committed the conduct of dousing and igniting gasoline on Hector Cavazos intentionally causing Cavazos's death (killing Cavazos), and (2) Cavazos's death/killing intentionally occurred in the course of committing or attempting to commit kidnapping of Cavazos. The above stated elemental facts have not been/can not be proven due to the several United States Constitutional violations, stated above, committed by the SPA and trial attorney in Else's trial. see also *Sandstrom v. Montana,* 99 S.Ct. 2450 (1979).

Lastly, the mistaken gateway stage dismissal of Else's subsequent writ under the "Herrera" standard was/is contrary to, or an unreasonable application of *Schlup,* under 28 U.S.C. § 2254 (d)(1), and an unreasonable determination of the facts under 28 U.S.C. § 2254 (d)(2).

### Prayer

Else ask this court to reconsider its dismissal in writ No. WR-51-286-02, consider his procedural claims under *Schlup,* find that Else meets the exceptions under 11.07 § 4 (a)(2) and docket his cause for habeas review/evidentiary hearing.

_David Harold Else Jr. (Pro Se)_
David Harold Else, Jr. (Pro Se)
T.D.C.J.I.D. # 858684
Connally Unit
899 FM 632
Kenedy, Tx. 78119

## UNSWORN DECLARATION

I, DAVID HAROLD ELSE, JR., AN INMATE #858684, AM presently incarcerated in Connally Unit in Karnes County, Texas. I declare under the penalty of perjury that the facts stated in this document are true and correct.

Executed on ___MARCH 4___ 2015

_David Harold Else Jr._ (Pro Se)
DAVID HAROLD ELSE, JR
(PRO SE)


## Certificate of Service

I certify that a copy of SUGGESTION THAT THE COURT RECONSIDER ON ITS OWN INITIATIVE THE DISMISSAL OF THE APPLICATION FOR WRIT OF HABEAS CORPUS was served on Abel Acosta, Supreme Court Bldg, 201 W. 14th St, Rm 106, Austin, Tx. 78711-2308
By U.S. Mail on ___March 4___ 2015

_David Harold Else Jr._ (Pro Se)
DAVID HAROLD ELSE, JR.
(Pro Se)